NUMBER 13-03-330-CR

 

                                 COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

RODOLFO GALVAN,                                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                Appellee.

                                                                                                                                      
                                      

 

On appeal from the 103rd District
Court of Cameron County, Texas.

                                                                                                                       

                        MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez and Castillo

                       Memorandum
Opinion by Chief Justice Valdez

 








Appellant, Rodolfo Galvan, appeals his convictions
of indecency with a child and aggravated sexual assault of a child.  See Tex.
Pen. Code Ann. ' 21.11(a)(1) (Vernon 2003); ' 22.021(a)(1)(B)(i) (Vernon Supp. 2005).  Appellant pled not guilty to the
offense.  A jury found appellant guilty
of the offenses and assessed punishment at 10 years= confinement for the indecency with a child
conviction and 15 years= confinement for the aggravated sexual assault of a
child conviction.  Appellant appeals the
judgment of the trial court.  We affirm.

I.  Anders Brief

Appellant's counsel has filed an Anders brief
with this Court in which he states that he has diligently reviewed the record
and concludes that appellant has no non‑frivolous grounds for
appeal.  See Anders v. California,
386 U.S. 738, 744 (1967).  Although
counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced on appeal.  Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc).  In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978), counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. 
Counsel certifies that he has served a copy of his brief on appellant
and informed appellant of his right to file a pro se brief.  We conclude counsel's brief meets the
requirements of Anders.  See
Anders, 386 U.S. at 744; High, 573 S.W.2d at 812.  More than thirty days have passed and no pro
se brief has been filed.    

 

II.  Independent Review

 

Upon receiving an Anders brief, we must
conduct a full examination of all the proceedings to determine whether the case
is wholly frivolous.  Penson v. Ohio,
488 U.S. 75, 80 (1988).  We have reviewed
the entire record and counsel=s brief and we have found nothing that would
arguably support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005).  We agree the appeal is frivolous and without
merit.  Accordingly, we affirm the
judgment of the trial court.  See id.;
Stafford, 813 S.W.2d at 509.








III.  Motion to Withdraw

 

The Court of Criminal Appeals, in Stafford v.
State, stated that an Anders brief should be filed along with a
request to withdraw from the case in the appeals court.  See Stafford, 813 S.W.2d at 511.  We note that counsel has not filed a motion
to withdraw in this case.  ABy not filling a motion to withdraw, appellate
counsel exhibited a basic, and  common
misunderstanding about Anders cases.@  See Jeffery v. State, 903 S.W.2d 776,
778 (Tex. App.BDallas 1995, no pet.).  While we prefer appointed counsel filing a
frivolous appeal to strictly adhere to the procedures required by Anders,
counsel=s failure to file a motion to withdraw does not
prohibit us from deciding the appeal.  See Smith v. Robbins, 528 U.S. 259, 265
(2000).  If counsel wishes to file
a motion to withdraw, he must file the motion no later than fifteen days from
the date of this opinion. 

We order counsel to advise appellant promptly of the
disposition of this case and the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam).

_______________________

ROGELIO VALDEZ

Chief Justice

 

Do not publish.                                             

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and 

filed this the 15th day of June, 2006.