

NUMBERS  13-08-00571-CR
13-08-00572-CR
13-08-00573-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

JESSE STEVENS,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

---

**On appeal from the 319th District Court of Nueces County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Garza**

Appellant, Jesse Stevens, pleaded guilty on April 3, 2008 to three offenses pursuant

to a plea agreement with the State.  In trial court cause number 08-CR-0017-G,[1] Stevens

---

[1] Appellate cause number 13-08-00571-CR.

pleaded guilty to burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.01(a)(2), (c)(2) (Vernon 2003). In trial court cause number 08-CR-1113-G,[2] Stevens pleaded guilty to two counts of credit card or debit card abuse, a state jail felony. *See id.* § 32.31(b)(1)(A), (d) (Vernon Supp. 2008). In trial court cause number 07-CR-3349-G,[3] Stevens pleaded guilty to theft of more than $1,500 but less than $20,000, also a state jail felony. *See id.* § 31.03(a), (e)(4)(A) (Vernon Supp. 2008). The trial court deferred adjudication on the burglary charge and placed Stevens on ten years' community supervision. The trial court found Stevens guilty of the other two offenses, sentenced him to two years' confinement in state jail, suspended the sentence, and placed him on community supervision for five years. All three sentences were ordered to run concurrently.

On September 9, 2008, the State filed motions to revoke Stevens' community supervision in each of the three cases, with each motion alleging that Stevens had committed seven violations of the conditions of his community supervision. The alleged violations related primarily to Stevens' behavior at a Substance Abuse Felony Punishment Facility. On September 26, 2008, Stevens pleaded "true" to all seven allegations in each of the three motions to revoke. The trial court then adjudicated Stevens guilty of the burglary offense and sentenced him to twenty years' confinement in the Texas Department of Criminal Justice-Institutional Division. The trial court also revoked Stevens' community supervision in the other two cases. Again, all of his sentences were ordered to run

---

[2] Appellate cause number 13-08-00572-CR.

[3] Appellate cause number 13-08-00573-CR.

concurrently. Stevens now appeals each of the three cases. We consider the appeals together and affirm.

## I. *ANDERS* BRIEF

Stevens' court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and that "he finds the appeal to be wholly frivolous." *See Anders v. California*, 386 U.S. 738 (1967). Counsel reviews the merits of five issues that could arguably be supported on appeal: (1) whether Stevens was "illegally placed on Probation" in trial court cause number 08-CR-17-G; (2) whether Stevens' conditions of probation were "unlawful delegations of authority"; (3) whether Stevens was afforded due process of law at his revocation hearing; (4) whether the evidence was sufficient to establish that Stevens violated the conditions of his probation; and (5) whether Stevens was "lawfully sentenced following his revocation of probation." Counsel concludes, however, that all five issues lack merit and that any appeal in this case would be frivolous. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served a copy of the

brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[4]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3.  More than an adequate time has passed, and no pro se response has been filed.  *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the record and find that the appeal is wholly frivolous and without merit.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a

---

[4] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant the motion to withdraw.

We further order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment to Stevens and advise him of his right to file a petition for discretionary review.[5]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 4th day of June, 2009.

---

[5] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3, 68.7.  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.