

## NUMBERS 13-09-00335-CR
## 13-09-00336-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**ESMERALDA HERNANDEZ A/K/A**
**ESMERALDA MEJIA,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Esmeralda Hernandez a/k/a Esmeralda Mejia, was indicted by a Nueces County grand jury for one count of theft, a state-jail felony, in both appellate cause numbers 13-09-00335-CR and 13-09-00336-CR. *See* TEX. PENAL CODE ANN. § 31.03(a)-(b), (e)(4)(D) (Vernon Supp. 2009). The indictments contained enhancement paragraphs

indicating that appellant had previously been convicted of felony theft on October 16, 1992, and November 15, 1991, and felony aggravated robbery on November 23, 1987, which thereby subjected appellant to punishment under the habitual-felony-offender statute. *See id.* § 12.42(a)(1) (Vernon Supp. 2009) ("If it is shown on the trial of a state[-]jail felony . . . that the defendant has previously been finally convicted of two state[-]jail felonies, on conviction the defendant shall be punished for a third-degree felony.").

Appellant pleaded guilty to the underlying offenses and to the enhancement paragraphs. The trial court accepted appellant's pleas, entered a finding of guilt as to the underlying offenses and a finding of "true" as to the enhancement paragraphs, and sentenced appellant to eight years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, with no fine for each count. *See id.* § 12.34 (Vernon Supp. 2009) (providing that an individual found guilty of a third-degree felony shall be punished for a term of confinement of not more than ten years or less than two years). The trial court ordered that the sentences imposed were to run concurrently.

Appellant's appellate counsel, concluding that there are "no meritorious issues to bring forward for review," filed *Anders* briefs in both appellate cause numbers, in which she reviewed the merits, or lack thereof, of the appeals. We affirm the judgments as modified.[1]

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that her review of the record yielded no points of error upon which an appeal can be predicated.

---

[1] The trial court's judgments in these matters do not indicate that appellant pleaded "true" to the enhancement paragraphs contained in the indictments for both appellate cause numbers. However, after reviewing the reporter's record, it is clear that appellant, in open court, pleaded "true" to the enhancement paragraphs contained in both indictments. Therefore, because we have the necessary information for reformation, we modify the trial court's judgments to reflect that appellant pleaded "true" to each of the enhancement paragraphs contained in the underlying indictments. *See* TEX. R. APP. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

2

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing on appeal. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgments. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the briefs and counsel's motions to withdraw on appellant, and (3) informed appellant of her right to review the record and to file a pro se response in each case.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response in either case. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether these cases are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in both appellate cause numbers and counsel's briefs and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in both appellate cause numbers. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and advise appellant of her right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
13th day of May, 2010.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.