

NUMBER 13-09-00298-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GUADALUPE BUSTILLOS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 36th District Court
of San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Justice Garza**

On February 21, 2001, appellant Guadalupe Bustillos was tried on one count of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 2009). A jury found Bustillos guilty of the offense and sentenced him to five years' imprisonment and assessed a fine of $2,000.00. His sentence, however, was suspended and he was placed on community supervision for five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009). On

February 27, 2009, the State filed a motion to revoke, alleging that Bustillos violated three different terms of his community supervision.[1] Bustillos pleaded "true" to all three of the allegations. The trial court found Bustillos guilty of the underlying offense and sentenced him to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Bustillos's right to appeal, and this appeal followed. We affirm.

## I. *ANDERS* BRIEF

Bustillos's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. *See Anders v. California*, 386 U.S. 738, 744 (1967) ("[t]here are no arguable points of error, fundamental or otherwise, upon which appellant could obtain relief from the conviction in the trial court . . . ."). Counsel's brief therefore meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and has found no arguable grounds to advance on appeal; (2) served a copy of the brief and motion to withdraw on Bustillos; and (3) informed Bustillos of his right to

---

[1] Since Bustillos's trial in 2001, the State had filed five separate motions to revoke his community supervision. Each motion to revoke resulted in either modification to the terms of the community supervision, or an extension of the community supervision. At the time of the hearing on the State's February 27, 2009 motion to revoke, Bustillos had already been on community supervision for nine years.

review the record and to file a pro se response.[2]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3.  More than an adequate time has passed, and no pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the record and find that the appeal is wholly frivolous and without merit.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Bustillos's counsel has filed a motion to withdraw.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant the motion to withdraw.

We further order that counsel must, within five days of the date of this opinion, send

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

a copy of the opinion and judgment to Bustillos and advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____

DORI CONTRERAS GARZA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
19th day of August, 2010.

_____

---

[3] No substitute counsel will be appointed.  Should Bustillos wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3, 68.7.  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.