

**NUMBERS**
**13-11-00389-CR**
**13-11-00390-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ESEQUIEL SANDOVAL,                                    **Appellant,**
A/K/A EZEQUIEL SANDOVAL,
A/K/A EZEUIEL SANDOVAL,

**v.**

THE STATE OF TEXAS,                                  **Appellee.**

**On appeal from the 36th District Court**
**of San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

On April 18, 2011, without a plea bargain, appellant Esequiel Sandoval, a/k/a

Ezequiel Sandoval, a/k/a Ezeuiel Sandoval, pleaded guilty to burglary of a habitation, a second-degree felony, *see* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West 2011), and felony bail-jumping, a third-degree felony, *see id.* § 38.10(a), (f) (West 2011).[1] The trial court accepted appellant's pleas, found him guilty, and on May 20, 2011, imposed sentences of ten years' imprisonment for the burglary-of-a-habitation offense and eight years' imprisonment for the felony bail-jumping offense, with the sentences to run concurrently. *See id.* §§ 12.33, 12.34 (West 2011). The trial court certified appellant's right to appeal, and these appeals followed. We affirm.

## I. *ANDERS* BRIEF

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record in each case and has concluded that there is no reversible error. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that he has: (1) examined the record and has found no arguable grounds to advance on appeal in either case, (2) served copies of the brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). More than an adequate time has passed, and no pro se response has been filed. *See In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

## II. INDEPENDENT REVIEW

---

[1] Appellant pleaded guilty to burglary of a habitation in appellate cause number 13-11-00389-CR and to felony bail-jumping in appellate cause number 13-11-00390-CR.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in each case and counsel's brief, and find that the appeals are wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw in each case.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgments to appellant and advise him of his right to file a petition for discretionary review in each case.[2] *See* TEX. R. APP. P. 48.4; *see also In re*

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review

*Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
22nd day of March, 2012.

---

must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.