

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00171-CR

**AKELIAH SIMPSON,**

                                               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                               **Appellee**

---

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 33984-CR

---

## MEMORANDUM OPINION

Appellant Akeliah Simpson entered a plea of guilty to a charge of theft over $1,500, a state-jail felony and was placed on deferred adjudication community supervision for three years. The State filed a motion to adjudicate. Appellant pled true to six of the eight allegations. After a hearing, the trial court adjudicated Appellant guilty and sentenced her to fourteen months in state jail. This appeal ensued. We will affirm.

In accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Appellant's court-appointed appellate counsel filed a brief and motion to

withdraw, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed us that she has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Appellant; and (3) provided Appellant with a motion to obtain a copy of the record and informed her of her right to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23. The Clerk of the Court also informed Appellant of her right to obtain a copy of the record and to file a pro se response.[1] Appellant did not file a pro se response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S.

---

[1] Nothing suggests that Appellant wanted or sought the record but was unable to obtain it. *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

In accordance with *Anders*, Appellant's attorney has asked for permission to withdraw as counsel for Appellant. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Appellant and to advise her of her right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] New appellate counsel will not be appointed for Appellant. Should Appellant wish to seek further review of this case by the Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 22, 2015
Do not publish
[CR25]



---

discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.