5. Any affiliates of the named companies that are in the water business.

Capitan points out that where contracting parties set out their own definitions of terms, the courts must enforce those definitions and may not substitute other meanings. *Fulton v. Texas Farm Bureau Insurance Co.,* 773 S.W.2d 391, 391 (Tex.App.—Dallas 1989, writ denied).

 We conclude that Capitan's interpretation of the law that an assignee "stands in the shoes" of an assignor is the correct one. To adopt Jackson's theory would allow the terms of any contract, upon assignment, to change radically. We do not believe this is the law: an assignment is intended to change only *who* performs an obligation, not the obligation to be performed. Many Texas cases so hold in situations where the assignee has attempted to expand rights transferred from an assignor. See *State Fidelity Mortgage Co. v. Varner,* 740 S.W.2d 477, 480 (Tex.App.—Houston [1st Dist.] 1987, writ de-

nied) ("An assignee obtains only the right, title and interest of his assignor at the time of his assignment, and no more."); *Kirby Forest Industries, Inc. v. Dobbs,* 743 S.W.2d 348, 354 (Tex.App.—Beaumont 1987, writ denied); *Houchins v. Scheltz,* 590 S.W.2d 745, 751 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Carter v. Associates Discount Corp.,* 550 S.W.2d 399, 401 (Tex.Civ.App.—Amarillo 1977, no writ).[3] We believe that the same rule should apply equally to the other party to the original contract; its rights are neither enhanced nor diminished by the assignment. Here, the trial court's acceptance of Jackson's theory resulted in a judgment which dramatically altered the obligation undertaken and consideration accepted under the 1971 contract; a result clearly not contemplated by any party when the contract was entered into. To allow this construction to stand would result in a unreasonable, oppressive, and inequitable result, which we must avoid. *Reilly v. Rangers Management, Inc.,* 727 S.W.2d 527, 530 (Tex.1987). We therefore hold that the trial court erred in granting partial summary judgment for Jackson and denying summary judgment for Capitan.

### CONCLUSION

We reverse the trial court's judgment and render judgment that Darrell Jackson take nothing.

---

**Ervin JEFFERY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–92–01427–CR.**

Court of Appeals of Texas,
Dallas.

March 24, 1995.

---

Mark C. Stoltz, Dallas, for appellant.

Juan Suarez, Asst. Dist. Atty., Dallas, for State.

Before LAGARDE, CHAPMAN, and JAMES, JJ.

## OPINION

LAGARDE, Justice.

This case is before us on the motion of appellant's appointed counsel to withdraw as counsel for appellant pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Appellate counsel represents Ervin Jeffery, who is appealing his conviction for delivery of cocaine. In the trial court, appellant waived a jury trial and pleaded not guilty. After finding him guilty, the trial court assessed his punishment at twenty years' imprisonment. The trial court then sentenced appellant in open court to twenty years' imprisonment. The written judgment, however, shows that the trial court sentenced appellant to twenty years' imprisonment and a $1000 fine.

## STATE'S MOTION TO DISMISS

In its brief challenging appellant's entitlement to a free statement of facts,[1] the State requested that we dismiss the appeal for want of jurisdiction because appellant did not timely file his notice of appeal. Appellant had thirty days from the date that sentence was imposed to file his notice of appeal. Tex.R.App.P. 41(b)(1). The record shows that the trial court imposed the sentence on June 8, 1992. Appellant filed a notice of appeal on June 16, 1992. Appellant filed a second, and untimely, notice of appeal on July 16, 1992. The State requests that we dismiss the appeal because appellant did not file a notice of appeal until July 16, 1992. Because appellant timely filed a notice of appeal on June 16, 1992, we deny the State's request.

## FRIVOLOUS APPEALS

Appellant's attorney filed a brief concluding that this appeal is wholly frivolous and without merit. When appellate counsel filed the brief, he did not file it as a brief in support of a motion to withdraw. Nor did he file a motion to withdraw with the brief as required by *Anders v. California* and *Stafford v. State*. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991); *see also McCoy v. Court of Appeals*, 486 U.S. 429, 438–39 & n. 13, 108 S.Ct. 1895, 1901–02 & n. 13, 100 L.Ed.2d 440 (1988); *Johnson v. State*, 885 S.W.2d 641, 645–46 (Tex.App.—Waco 1994, no pet.) (per curiam). Only after the Court notified appellate counsel of the need to file a motion to withdraw did he do so.[2] By not filing a motion to withdraw, appellate counsel exhibited a basic, and common, misunderstanding about *Anders* cases. This Court in the past has also not adhered to the precise requirements of *Anders* and its progeny. To remedy the current misunderstandings about *Anders* cases and this Court's requirements, we offer the following

---

1. A statement of facts was filed in the case, thereby mooting the issue.

2. The Clerk of the Court sent appellate counsel a letter informing him of the need to file a motion to withdraw. When appellate counsel did not respond, the Court ordered appellate counsel to file a motion to withdraw within ten days. Appellate counsel finally filed the motion to withdraw on the ninth day.

discussion of the procedure of an appeal that an appointed counsel believes is frivolous.

### Anders and Its Progeny

 The Supreme Court extended an indigent defendant's right to appointed counsel to a first appeal when provided by state law. *Douglas v. California,* 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963). Appointed appellate counsel, however, is not permitted to make frivolous arguments on appeal. *McCoy,* 486 U.S. at 436, 108 S.Ct. at 1901. In *Anders,* the Supreme Court recognized a limited exception to the *Douglas* requirement and created a procedure for remedying the conflict between an appellant's right to appointed counsel to present his appeal and the attorney's duty not to make frivolous arguments on appeal. If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. *McCoy,* 486 U.S. at 437, 108 S.Ct. at 1901; *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400; *see also Ellis v. United States,* 356 U.S. 674, 675, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060 (1958). To withdraw from representation, the appointed attorney[3] must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous. *McCoy,* 486 U.S. at 439, 108 S.Ct. at 1902; *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400; *Johnson,* 885 S.W.2d at 646. This brief in support of the motion to withdraw is the document now commonly denominated an "*Anders*" brief.

 The purpose of an *Anders* brief is to support the appellate counsel's motion to withdraw by showing that appellate counsel performed a conscientious examination of the record and that the appeal is so frivolous that the indigent appellant should be denied his federal constitutional right to appointed counsel on appeal. *Penson v. Ohio,* 488 U.S. 75, 81–82, 109 S.Ct. 346, 350–51, 102 L.Ed.2d

300 (1988); *McCoy,* 486 U.S. at 439 n. 13, 108 S.Ct. at 1902 n. 13. Determining that an appeal is frivolous is not a conclusion to be reached lightly. This Court cannot deny an indigent appellant his constitutional right to appointed counsel on appeal until we are satisfied that two concerns have been met. First, we must determine that appellate counsel has provided the appellant with a diligent and thorough search of the record for any arguable claim that might support the appeal. Second, we must determine whether appellate counsel has correctly concluded that the appeal is frivolous. *McCoy,* 486 U.S. at 442, 108 S.Ct. at 1904; *Johnson,* 885 S.W.2d at 645. The duties of both the appellate court and appellate counsel are thoroughly discussed in *Johnson,* and we will not repeat them here. *See Johnson,* 885 S.W.2d at 645–48. Like the Waco Court of Appeals, however, this Court will strictly enforce the requirements of *Anders.* If an appellate counsel's *Anders* brief in support of counsel's motion to withdraw does not comply with the requirements of *Anders* and its progeny, this Court will strike the brief and order appellate counsel to file a new brief.

### Appellate Counsel's Anders Brief

 The brief appellate counsel filed in this case does not meet the requirements of *Anders.* The brief simply summarizes the evidence and then concludes that the appeal is frivolous. The brief contains no references to the record, as required by *Anders, Stafford,* and *High v. State,* 573 S.W.2d 807, 811 (Tex.Crim.App. [Panel Op.] 1978). Nor does the brief contain any analysis of the record. Counsel's brief contains no analysis or explanation of the validity of the indictment, the sufficiency of the evidence, the admissibility of the evidence of appellant's guilt, the validity of the punishment assessed, or whether appellant received effective assistance of counsel at trial.[4] Finally, the prayer for

---

**3.** The procedural safeguards of *Anders* and its progeny apply to counsel appointed to represent an indigent appellant. They do not apply to retained attorneys. *See McCoy,* 486 U.S. at 438–39 & n. 12, 108 S.Ct. at 1901–02 & n. 12; *Johnson,* 885 S.W.2d at 645. Of course, an appellant's indigency must be determined at the time of appeal, not before trial. *See Rosales v. State,* 748 S.W.2d 451, 455 (Tex.Crim.App.1987),

*cert. denied,* 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988).

**4.** Appellant's appointed counsel on appeal is the same as his appointed counsel at trial. We need not decide here whether it is ever appropriate for appointed appellate counsel who also was appellant's trial counsel to file an *Anders* brief due to the bias and prejudice an attorney may have in

relief asked this Court to affirm appellant's conviction. The correct prayer in an *Anders* brief is that the appellate court grant counsel's motion to withdraw.[5]

■■■ Ordinarily, this Court would strike appellate counsel's inadequate *Anders* brief, order rebriefing, and consider appellate counsel's motion to withdraw with the new brief. *See Johnson,* 885 S.W.2d at 648. We will strike appellate counsel's *Anders* brief, but we will not require him to file a new brief because the Court has already observed that appellate counsel failed to raise an arguable point of error in the judgment. The judgment does not appear to reflect accurately the trial court's oral pronouncement of sentence. The trial court orally pronounced sentence of twenty years' imprisonment, but the judgment shows a sentence of twenty years' imprisonment and a $1000 fine. *Cf. Williams v. State,* 796 S.W.2d 793, 800 (Tex.App.—San Antonio 1990, no pet.).

■■■ The failure of appellate counsel's brief to discuss this issue shows that counsel failed to make a professional evaluation of the record, thereby denying appellant his right to equal protection of the laws. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. While this Court has authority to reform a judgment when it has the necessary information before it to do so, *Asberry v. State,* 813 S.W.2d 526, 531 (Tex.App.—Dallas 1991, pet. ref'd) (en banc), the failure of appellate counsel to request reformation *favorable* to appellant indicates that counsel did not perform a professional evaluation of the record. *Cf., e.g., Creeks v. State,* 773 S.W.2d 334, 335 (Tex.App.—Dallas 1989, pet. ref'd) (State requested reformation of judgment to include deadly weapon finding), *overruled by Asberry,* 813 S.W.2d at 531. If counsel missed such an obvious point of error, we cannot assume that counsel would have caught other more subtle points of error. Accordingly,

the appropriate remedy is to strike appellate counsel's inadequate *Anders* brief and have the trial court appoint new counsel to review the record.

In accordance with *Stafford v. State,* we strike appellate counsel's inadequate *Anders* brief and we grant his motion to withdraw. We order the trial court to appoint new appellate counsel to represent appellant, investigate the record, and file a new brief for appellant. *See Stafford,* 813 S.W.2d at 511; *Ortiz v. State,* 849 S.W.2d 921, 924 (Tex. App.—Corpus Christi 1993, no pet.). In the brief, counsel should discuss the validity of the fine stated in the judgment as well as any other grounds that might arguably support the appeal. *See Stafford,* 813 S.W.2d at 511. The trial court is ordered to inform this Court in writing of the identity of new counsel and the date that new counsel is appointed. Counsel's brief will be due thirty days after the trial court makes the appointment. The State's brief will be due twenty-five days after appellant's brief is filed. This Court will then reschedule the case for submission.

---

evaluating on appeal his own performance at trial.

5. The usual prayer this Court sees in *Anders* briefs is that we reverse the trial court's judgment and render judgment of acquittal or remand for a new trial. Such a prayer is inconsistent with appellate counsel's brief that the appeal

is frivolous. Appellate counsel cannot, consistent with his duty to his client, pray that we affirm his client's conviction. Because of the conflict in these duties, appellate counsel in this conundrum must move to withdraw as counsel for the appellant.