Order issued February 3, 1998



In The
## Court of Appeals
## Fifth District of Texas at Ballas

### No. 05-95-00737-CR

### MICKIAL HAM, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District Court
Grayson County, Texas
Trial Court Cause No. 041588

## ORDER

Mickial Ham appeals his conviction for sexual performance by a child. After appellant pleaded not guilty, the jury assessed punishment at ten years' imprisonment, probated for ten years, and a $10,000 fine. Appellant's counsel filed a motion to withdraw as counsel for appellant and a brief in which he concluded the appeal was without merit. *See Anders v. California*, 386 U.S. 738 (1967).[1]

---

[1] Counsel delivered a copy of the brief to appellant and advised appellant he had a right to file a pro se brief. Appellant has filed a pro se brief in response to counsel's *Anders* brief.

In the *Anders* brief, counsel summarizes the facts and concludes, without any analysis or citation to authorities, that the appeal is without merit. Counsel states summarily that he reviewed the entire record and, with no meaningful discussion or analysis, concludes there are no reasonable grounds of error to arguably support this appeal. Counsel does not conclude the brief with a prayer that this Court grant his motion to withdraw.

Counsel's discussion and analysis is so perfunctory that we are not able to determine whether he (1) provided appellant with a diligent and thorough search of the record for any arguable claim that might support the appeal or (2) correctly concluded that the appeal was without merit. *See Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App.--Dallas 1995, no pet.). An *Anders* brief must contain an analysis or explanation of the validity of the indictment, the sufficiency of the evidence, and the admissibility of evidence adduced at trial. The brief must discuss the validity of the punishment assessed and whether the appellant received the effective assistance of counsel at trial. *Jeffery*, 903 S.W.2d at 779. The brief must also show that counsel has reviewed the objections, if any, raised in the trial court. *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). In addition, counsel must identify where the pertinent evidence, objections, and rulings may be found in the record. *High*, 573 S.W.2d at 813; *Jeffery*, 903 S.W.2d at 779. Counsel must support his analysis and conclusions with citations to legal authority. *Anders*, 386 U.S. at 745. A proper *Anders* brief should conclude by asking the appellate court to grant counsel's motion to withdraw. *Jeffery*, 903 S.W.2d at 780.

Consequently, we **STRIKE** counsel's brief as inadequate under the dictates of *Anders*, *High*, and *Jeffery*. We remove this appeal from the submissions docket. We **ORDER** counsel to file, within thirty days of the date of this order, an amended brief in compliance with *Anders*, *High*, and *Jeffery*. The State's brief will be due twenty-five days after counsel files the amended brief. After the parties have rebriefed the appeal, this Court will reschedule the case for submission.

MARK WHITTINGTON
JUSTICE