NO. 12-01-00213-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




BILLY WAYNE EZERNACK,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS







PER CURIAM


 Billy Wayne Ezernack pleaded "not guilty" to the offense of aggravated assault. A jury
convicted Appellant and assessed his punishment at five years of imprisonment which, having found
that Appellant had never before been convicted of a felony, it recommended be probated. The trial
court probated Appellant's sentence for five years. 

 Appellant's appointed counsel has filed a motion to withdraw and, by his second amended
appellate brief, what purports to be a "frivolous appeal" brief. No pro se brief has been filed. 

 "[I]f [appointed appellate] counsel finds his case to be wholly frivolous, after a conscientious
examination of it, he should so advise the court and request permission to withdraw. That request
must, however, be accompanied by a brief referring to anything in the record that might arguably
support the appeal." Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d
493 (1967). Under Texas case law, appellate counsel filing an Anders brief must provide the
reviewing court with a professional evaluation of the record demonstrating why there are no arguable
issues to be advanced. High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978);
Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974). This evaluation requires not only that
counsel refer the court to anything in the record that might arguably support the appeal, citing
applicable legal authorities, but it also requires appellate counsel to discuss the evidence introduced
at trial and provide the reviewing court with ready references to the record. Stafford v. State, 813
S.W.2d 503, 510 at n.3 (Tex. Crim. App. 1991) (emphasis added). If counsel's brief does not
comply with the requirements of Anders and its progeny, this court will strike the brief and order
appellate counsel to file a new brief. Jeffery v. State, 903 S.W.2d 776, 779 (Tex. App.- Dallas 1995,
no pet.). 

 Counsel's brief does not provide a professional evaluation of record demonstrating why there
are no arguable issues. Counsel advances one "ground of error that may arguably support an appeal"
but provides no legal authority for his conclusory argument that the trial court erred by excluding
certain evidence. The brief contains no citations to any legal authority other than the Texas Rules
of Appellate Procedure (1)-not even Anders. Counsel's brief does not summarize the evidence even
though the reporter's record contains four volumes consisting of over 350 pages. Counsel's brief
contains no analysis or explanation of the validity of the indictment, the sufficiency of the evidence,
the admissibility of the evidence of Appellant's guilt, the validity of the punishment assessed, or
whether Appellant received effective assistance of counsel at trial. See Jeffery, 903 S.W.2d at 779. 
Furthermore, counsel prays that this court reverse the judgment of the trial court and render judgment
of acquittal or remand the case for a new trial. Such a prayer is inconsistent with counsel's
contention that the appeal is "without merit and frivolous." (2)

 For the forgoing reasons, we strike counsel's brief as inadequate. We remove this appeal
from the submissions docket. We order appellate counsel to file, within thirty days of the date of
this opinion, an amended brief in compliance with Anders, High, and Stafford. The State's brief
will be due twenty-five days after counsel files Appellant's brief. After the parties have re-briefed
the appeal, this court will reschedule it for submission. 

Opinion delivered July 17, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


DO NOT PUBLISH
1. Counsel's citations are to nonexistent rule numbers.
2. The correct prayer in an Anders brief is that the appellate court grant counsel's motion to withdraw.
Jeffery, 903 S.W.2d at 780.