NO. 07-11-00149-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
1, 2011

 



 

GLENN ERVIN ANDERS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 20TH DISTRICT COURT OF
MILAM COUNTY;

 

NO. CR22898; HONORABLE EDWARD P. MAGRE, JUDGE



 



 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 

ORDER OF ABATEMENT AND REMAND

            Appellant,
Glenn Ervin Anders, pleaded “guilty” to two counts of indecency with a child by
contact and was sentenced to ten years’ imprisonment.  He timely filed a notice of appeal with
respect to his convictions.

On July 8, 2011, this Court received
appellant’s brief in which counsel appears to rely on the procedure outlined in
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  We refused to file said brief because we
noted a substantive defect in the brief and omitted steps in the Anders
procedure.  Counsel failed to file a
motion to withdraw and, in his brief, prayed for reversal and remand, relief
that is inconsistent with the Anders procedure for frivolous
appeals.  See In re Schulman,
252 S.W.3d 403, 408 (Tex.Crim.App. 2008); Jeffrey v. State, 903 S.W.2d
776, 779–80 (Tex.App.—Dallas 1995, no pet.). 
Additionally, counsel’s letter to appellant failed to satisfy all of the
educational burdens placed on counsel in the Anders context.  See In re Schulman, 252 S.W.3d
at 408.  

By letter dated July 8, this Court
notified counsel of the defects and directed counsel to file a motion to
withdraw, an excerpt to be amended to the brief that prayed for appropriate
relief, and a supplemental letter to appellant that satisfied counsel’s
remaining educational burdens.  Counsel
was directed to respond on or before July 25. 
To date, however, counsel has not responded to the Court’s directive.

It is counsel’s duty to request leave
to withdraw from representation in the event he believed the appeal to be
frivolous.  Id. at 407.  Unless or until counsel has filed a motion to
withdraw, this Court cannot proceed in an orderly fashion in the Anders
context.  Id. at 411–12.

Consequently, we now abate this
appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall
immediately determine the following: (1) whether appellant desires to prosecute
the appeal; (2) if so, whether appointed counsel intended to file an Anders
brief; (3) if appellant’s counsel did intend to file an Anders brief;
why he has failed to file a motion to withdraw, correct the inconsistent
prayer, and supplement his educational burdens letter to appellant; (4) if
appellant’s counsel did not intend to file an Anders brief, whether he
has abandoned the appeal by failing to correct the inconsistent positions taken
in appellant’s brief; (5) if appellant’s counsel has abandoned the appeal,
whether new counsel should be appointed on appeal; (6) any additional issues
the trial court finds material to ensuring appellant receives effective
assistance of counsel on appeal.  See
Tex. R. App. P. 43.6.

The trial court shall execute
findings of fact and conclusions of law, and cause the same to be included in a
supplemental clerk’s record to be filed with the Clerk of this Court by August 31,
2011.  A supplemental reporter’s record
of any hearing shall also be included in the appellate record if requested by
appellate counsel.  Should the trial
court determine that new counsel should be appointed on appeal, the trial court
shall provide this Court with the name, address, telephone number, and state
bar number of the newly-appointed counsel.

It is so ordered.

Per
Curiam








Do
not publish.