

**NUMBER 13-15-00551-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GLEN LEACH,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 319th District Court
of Nueces County, Texas.

## ORDER

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Order Per Curiam**

Glen Leach appeals his conviction for possession of a controlled substance. Appellant's appointed counsel has filed a "frivolous appeal" brief. No pro se brief has been filed.

"If [appointed appellate] counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967). Under Texas case law, appellate counsel filing an *Anders* brief must provide the reviewing court with a professional evaluation of the record demonstrating why there are no arguable issues to be advanced. *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974). This evaluation requires not only that counsel refer the court to anything in the record that might arguably support the appeal, *citing applicable legal authorities*, but it also requires appellate counsel to discuss the evidence introduced at trial and provide the reviewing court with ready references to the record. *Stafford v. State*, 813 S.W.2d 503, 510 at n.3 (Tex. Crim. App. 1991) (emphasis added). If counsel's brief does not comply with the requirements of *Anders* and its progeny, appellate courts will strike the brief and order appellate counsel to file a new brief. *See, e.g., Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.).

Counsel's brief provides no legal authority for his conclusory allegation that there are no arguable points of error. The brief contains only five citations: *Anders, Ellis v. United States*, 356 U.S. 674 (1958) (regarding frivolous appeals), TEX. CODE CRIM. PROC. Art. 44.02 (West, Westlaw through 2015 R.S.) (providing for a defendant's right to appeal), TEX. R. APP. P. 9 (regarding documents generally), TEX. R. APP. P. 38 (regarding the requirements for briefs). Counsel's brief contains no analysis or explanation of the

2

validity of the indictment, the sufficiency of the evidence, the admissibility of the evidence of appellant's guilt, or the validity of the punishment assessed. *See Jeffery*, 903 S.W.2d at 779. Moreover, counsel's brief fails to contain a motion to withdraw as counsel. *See In re Schulman*, 252 S.W.3d 403, 404 (Tex. Crim. App. 2008) (orig. proceeding) ("An Anders brief may not be filed without a motion to withdraw, as the sole purpose of an Anders brief is to explain and support the motion to withdraw.").

For the forgoing reasons, we STRIKE counsel's brief as inadequate. We remove this appeal from the submissions docket. We order appellate counsel to file, within thirty days of the date of this opinion, an amended brief in compliance with the applicable law cited herein. Further, the amended brief must comply with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). In accordance with this opinion, appellant's counsel must: (1) notify the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provide the appellant with copies of both pleadings; (3) inform the appellant of appellant's rights to file a pro se response, review the record preparatory to filing that response, and seek discretionary review if this Court concludes that the appeal is frivolous; and (4) provide appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date, and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. Further, counsel must inform this Court, in writing, that counsel has met the foregoing requirements. *Kelly*, 436 S.W.3d at 320.

3

The State's brief will be due twenty-five days after counsel files appellant's second amended brief.   After the parties have re-briefed the appeal, this court will reschedule it for submission.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of July, 2016.