

NUMBER 13-18-00403-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TRAVIS DIAZ,                                                                              Appellant,

v.

THE STATE OF TEXAS,                                                                    Appellee.

On appeal from the 214th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

On April 24, 2018, appellant Travis Diaz pleaded guilty to two counts of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03. The trial court accepted Diaz's guilty plea and sentenced Diaz to twenty-five years in the Institutional

Division of the Texas Department of Criminal Justice, which is within the statutory range for first-degree felonies. *See id.* § 12.32(a). Diaz's counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Diaz's appellate counsel has filed a motion to withdraw and a brief in support in which he states that he has diligently reviewed the entire record and has found no non-frivolous issues. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Diaz's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Diaz's counsel also informed this Court that he has: (1) notified Diaz that he has filed an *Anders* brief and a motion to withdraw, and that he provided Diaz with copies of both; (2) informed Diaz of his right to file a pro se response and of his right to review the record preparatory to filing that response; (3) informed Diaz of his pro se right to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided Diaz with a form motion for pro se access to the appellate record, lacking only Diaz's signature. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20;

*Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate time has passed, and Diaz has not filed a pro se motion for access to the appellate record or a motion for extension of time to do so or a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous.  *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Stafford*, 813 S.W.2d at 511.  We have reviewed the record and counsel's brief and we have found no reversible error.  *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Diaz's appellate counsel has filed a motion to withdraw.  *See Anders*, 386 U.S. at 744: *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted) (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.))).  We grant counsel's motion to withdraw.  Within five days of the date of this opinion, counsel is ordered to send a copy of the opinion and judgment to Diaz and to advise him of his right to file a petition for discretionary review.[1]  See TEX.

---

[1] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case

3

R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
3rd day of October, 2019.

---

by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.