**AFFIRMED and Opinion Filed June 30, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-20-00426-CR
_____

### WILLIAM MICHAEL CASON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1914112-Q**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

William Michael Cason appeals his conviction for the second-degree felony

of aggravated assault with a deadly weapon. We affirm the trial court's judgment.

Because all issues are settled in law, we issue this memorandum opinion. TEX. R.

APP. P. 47.4.

### BACKGROUND

Appellant was charged with having caused bodily injury to the complainant

by shooting him with a firearm. Appellant pleaded guilty to the charge and judicially

confessed to having committed the offense. Appellant elected to have the trial court

judge assess punishment.

Appellant called himself, his grandfather though marriage, and his father, mother, sister and aunt to testify. Appellant's witnesses generally testified that appellant's commission of the offense was not in keeping with his general character. The State called the complainant and the complainant's mother to testify as to the injuries the complainant suffered as a result of the shooting and as to how the event has impacted their lives. The State also introduced into evidence surveillance video from the complainant's home capturing the commission of the offense after appellant's brother and the complainant engaged in a fist fight and showing appellant shoot the complainant in the back as he was walking away,[1] and an Instagram posting the following day in which appellant and his brother laugh and make light of the shooting. After both sides rested and closed, and after hearing closing arguments, the trial court assessed punishment at fifteen years' confinement. The trial court certified appellant's right to appeal and appellant timely filed his notice of appeal.

## DISCUSSION

Appellant's appointed counsel filed an *Anders* brief and motion to withdraw stating that she diligently reviewed the entire appellate record and that, in her opinion, there are no meritorious issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds

---

[1] The bullet pierced the complainant's small intestine and liver after entering through the left side of his back.

–2–

for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in her opinion, there are no grounds upon which an appeal can be predicated. Counsel specifically noted, from her review of the following, that she found no issues presented for review: (1) the sufficiency of the indictment,[2] (2) pretrial hearing,[3] (3) voir dire and opening statements,[4] (4) sufficiency of the evidence,[5] and (5) the voluntariness of the plea.[6] In addition, counsel reviewed the performance of trial counsel and concluded the record does not reflect counsel failed to interpose a proper objection that might have preserved reversible error and states nothing in the record suggests the punishment assessed is grossly disproportionate to the crime.

---

[2] The indictment contained all elements of the offense and conferred jurisdiction on the trial court.

[3] No pretrial motions were filed and thus there are no rulings on any pretrial motion to support an appeal.

[4] Because appellant entered an open plea of guilty to the offense, there was no voir dire conducted in the case and no opening statements were made, thus, voir dire and opening statements are not subjects for complaint on appeal.

[5] Appellant executed a written sworn judicial confession in which he stated that he committed each element of the offence as alleged in the indictment.

[6] Appellant acknowledged that he read and understood every document he signed including the court's written admonishments regarding his constitutional and statutory rights and orally stated on the record that he was voluntarily waiving those rights and voluntarily entering his plea of guilt.

Counsel delivered a copy of the brief to appellant, and by letter dated November 12, 2020, we advised appellant of his right to file a pro se response by January 4, 2021. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file *pro se* response to *Anders* brief filed by counsel). We advised appellant that failure to file a pro se response by that date would result in the case being submitted on the *Anders* brief alone. Appellant did not file a response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Having reviewed the entire record and counsel's brief, we find nothing that would arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). Accordingly, we affirm the trial court's judgment.

In accordance with *Anders*, counsel has filed a motion to withdraw from the case. *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous."). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of

–4–

his right to pursue a petition for review.  *See* TEX. R. APP. P. 48.4.

**CONCLUSION**

We affirm the trial court's judgment.


/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

200426F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

WILLIAM MICHAEL CASON,
Appellant

No. 05-20-00426-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1914112-Q.
Opinion delivered by Justice
Schenck. Justices Reichek and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 30th day of June, 2021.