**AFFIRMED and Opinion Filed November 9, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01021-CR**

**TIMOTHY ANTWON BOBO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-20-0262**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Timothy Antwon Bobo appeals his conviction for aggravated robbery. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On January 27, 2020, appellant entered a Walgreen's drug store at approximately 2:00 a.m., jumped over the pharmacy counter, and, while brandishing a gun, demanded that the pharmacist give him all of the hydrocodone, Xanax, promethazine with codeine and oxycodone. Surveillance video and citizen tips led the investigators to identify appellant as the perpetrator and he was arrested and

charged with aggravated robbery. Appellant pleaded guilty to the charge and judicially confessed to having committed the offense. Appellant elected to have the trial court judge assess punishment.

The State called the pharmacist, the investigating officers and an expert on gang affiliation to testify at the plea hearing. The pharmacist testified that since the offense she has been in therapy and takes medication for anxiety. The officers testified that appellant admitted to having committed the robbery and that he had been to prison in Tennessee for selling illegal drugs. The gang affiliation expert testified that appellant's tattoos indicate that he is a member of the Vice Lords gang. Appellant called his mother and himself to testify. Appellant's mother testified that appellant has had a drug problem for many years. Appellant testified that he has an opioid addiction and that he was drug sick the night he committed the robbery and needed money to feed his habit. While appellant had, on several occasions, tried to kick his drug habit, he had not been able to do so. Appellant was 37 years old at the time of his plea hearing. After both sides rested and closed, and after hearing closing arguments, the trial court assessed punishment at forty years' confinement. The trial court certified appellant's right to appeal and appellant timely filed his notice of appeal.

## DISCUSSION

Appellant's appointed counsel filed an *Anders* brief and motion to withdraw stating that she diligently reviewed the entire appellate record and that, in her

opinion, there are no meritorious issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in her opinion, there are no grounds upon which an appeal can be predicated. Counsel specifically noted, from her review of the following, that she found no issues presented for review: (1) the sufficiency of the indictment,[1] (2) the voluntariness of appellant's plea of guilty,[2] (3) pretrial rulings,[3] (3) trial rulings,[4] (4) rulings on post-trial motions,[5] (5) jury

---

[1] The indictment contained all elements of the offense and conferred jurisdiction on the trial court. *See* TEX. PENAL CODE ANN. § 29.03

[2] The record shows the trial court admonished appellant before he entered his plea, and that appellant was competent and understood his rights and freely and voluntarily waived them.

[3] There were no pretrial rulings adverse to appellant.

[4] The trial court overruled appellant's counsel's objection to State's Exhibit No. 16 depicting a substance and a test that confirmed the substance was heroin on the basis of hearsay. The trial court admitted the exhibit because it was a true and accurate photo depiction of the item. The admittance of this exhibit did not have an adverse effect on appellant because he was not on trial for possession of heroin. Trial counsel made two objections to narrative and the trial court sustained those. The trial court sustained counsel's objection to a question attempting to solicit an opinion on proper punishment for a gang member.

[5] No post-trial motions were filed.

selection and instructions,[6] (6) sufficiency of the evidence,[7] and (7) punishment assessed.[8] In addition, counsel reviewed the performance of trial counsel and concluded the record does not reflect appellant received ineffective assistance of counsel.

Counsel delivered a copy of the brief to appellant, and by letter dated May 13, 2021, we advised appellant of his right to file a pro se response by June 1, 2021. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file *pro se* response to *Anders* brief filed by counsel). We advised appellant that failure to file a pro se response by that date would result in the case being submitted on the *Anders* brief alone. Appellant did not file a response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Having reviewed the entire record and counsel's brief, we find nothing that would arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). Accordingly, we affirm the trial court's judgment.

In accordance with *Anders*, counsel has filed a motion to withdraw from the

---

[6] No jury was selected in this case so there were no jury instructions.

[7] Appellant executed written sworn judicial confession in which he stated that he committed each element of the offence as alleged in the indictment.

[8] Aggravated robbery is a first-degree felony. TEX. PENAL CODE ANN. § 29.03(b). A first-degree felony is punishable by imprisonment for life or for any term of not more than 99 years or less than five years. *Id.* § 12.32(a). The trial court imposed a forty-year sentence.

–4–

case.  *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.").  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to pursue a petition for review.  *See* TEX. R. APP. P. 48.4.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

201021F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

TIMOTHY ANTWON BOBO, Appellant

No. 05-20-01021-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas

Trial Court Cause No. 2-20-0262. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of November, 2021.