**Motion Granted, Proceeding Abated, and Opinion Filed April 20, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

| No. 05-20-00995-CR | No. 05-20-00996-CR |
|---|---|
| No. 05-20-00997-CR | No. 05-20-00998-CR |
| No. 05-20-01009-CR | No. 05-20-01010-CR |
| No. 05-20-01011-CR | No. 05-20-01014-CR |
| No. 05-20-01015-CR | No. 05-20-01016-CR |
| No. 05-20-01026-CR | No. 05-20-01027-CR |
| No. 05-20-01028-CR | No. 05-20-01029-CR |
| No. 05-20-01030-CR | No. 05-20-01031-CR |

**BOBBY CARL JESSIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-20660-M, F20-20662-M, F20-37656-M, F20-37473-M, F20-37472-M, F20-37471-M, F20-37657-M, F20-45556-M, F20-24791-M, F20-45575-M, F20-45554-M, F18-47661-M, F18-35324-M, F19-70272-M, F19-70325-M & F20-37540-M**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

Appellant Bobby Carl Jessie was convicted of thirteen state jail felonies for

theft, each enhanced to third-degree felony punishment, one count of unlawful use

of a motor vehicle enhanced by two prior state jail felony convictions, one count of

evading arrest enhanced by a prior felony conviction, and one count of aggravated

assault enhanced by a prior felony conviction. All matters were heard together in a single hearing.[1]

Without the benefit of a plea agreement, appellant entered an open plea of guilty in his twelve new cases and a plea of true in his four revocation matters. He also pleaded true to all alleged enhancements. The trial court sentenced appellant to ten years in prison in all cases except the aggravated assault case. In the aggravated assault case, the court made a deadly weapon finding and sentenced appellant to fifteen years in prison. All sixteen sentences were ordered to be served concurrently.

Appellant's appointed appellate counsel filed *Anders*[2] briefs with this Court and moved to withdraw as counsel.[3] Because of numerous omissions in counsel's briefs, we are not confident that there are no plausible grounds for appeal. Accordingly, we grant the motion to withdraw, abate the appeal, and remand the cases back to the trial court for the appointment of new counsel.

## APPLICABLE LAW

An *Anders* brief is a brief filed in support of an appointed attorney's motion to withdraw from an appeal that the attorney has concluded, after conscientious examination of the entire record, is a frivolous appeal. *Anders*, 386 U.S. at 744.

---

[1] Three of the thefts and the unlawful use of a vehicle were heard in the context of revocation proceedings.

[2] *Anders v. California*, 386 U.S. 738 (1967).

[3] After we advised appellant of his right to do so, appellant filed a pro se response. His brief presents no arguable grounds to advance.

Underlying the *Anders* procedure is the constitutional requirement of substantial equality and fair process, which can only be attained if appellate counsel "acts in the role of an active advocate in behalf of his client . . . ." *Id.* "Ultimately, an appropriate *Anders* brief provides the court of appeals with an assurance of integrity in the criminal proceedings in the trial courts that the court of appeals supervises." *Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 3166740, at *1 (Tex. App.—Dallas June 15, 2020, no pet.) (mem. op., not designated for publication).

To that end, an *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). In addition to setting out an attorney's due diligence investigation on behalf of the client, the *Anders* brief has an additional use for an appellate court: providing it "with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

When appellate counsel is appointed to represent an indigent defendant, "his only justification for filing an *Anders* brief is his ethical obligation to avoid burdening the courts with wholly frivolous appeals." *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). After court-appointed appellate counsel files an *Anders*

–3–

brief asserting that no arguable grounds for appeal exist, we independently examine the record to determine whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. An appeal is wholly frivolous when it lacks any basis in law or fact; an argument is frivolous if it cannot conceivably persuade the court. *Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.—Dallas 2020, no pet.).

There are two possible outcomes when an *Anders* brief is filed in a criminal case in Texas. After conducting an independent examination of the record, if we agree with appellate counsel that no reversible error exists and the appeal is frivolous, we will grant counsel's motion to withdraw and affirm the trial court's judgment. *Crowe*, 595 S.W.3d at 319. If we conclude that appellate counsel has not adequately discharged the constitutional duty to review the record for arguable error, or that the appeal is not wholly frivolous, we will abate the appeal and remand the cause to the trial court for the appointment of new appellate counsel. *Id.*; *Kelly*, 436 S.W.3d at 318 n.16 ("Either the appellate court confirms that there are no non-frivolous grounds for appeal, thus extinguishing the appellant's constitutional right to appellate counsel, and grants the motion to withdraw, or the appellate court finds that there are plausible grounds for appeal, in which case the appellate court *still* grants the motion to withdraw, but remands the cause to the trial court for appointment of new appellate counsel.") (emphasis in original).

## ANALYSIS

Without addressing the merits of this appeal, we conclude that the errors and other discrepancies counsel fails to address are too numerous for us to conclude with any degree of confidence that there are no arguable issues in this appeal.

For example, in cause number 05-20-01009-CR, the indictment is missing two paragraphs and is nonsensical. Appellant's judicial confession tracks the nonsensical language in the indictment. Counsel does not mention either.

In addition, the record reflects that appellant was not orally admonished regarding the immigration consequences of his pleas. The *Anders* briefs note that statutory admonishments were given in writing as part of the plea paperwork. But unlike other admonishments that may be made "orally or in writing," the immigration consequences admonition must be made both orally and in writing. TEX. CODE CRIM. PROC. ANN. art. 26.134 (d), (d-1).

We recognize that on this record, the failure to orally admonish appellant may not have affected appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *VanNortick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). Nonetheless, counsel's failure to acknowledge and address the error causes us concern.

Counsel also fails to address numerous errors in the judgments or request that the judgments be reformed. In appellant's aggravated assault conviction, the trial court's reference to its deadly weapon finding refers to a repealed section of the code of criminal procedure. Although the State requests that the judgment be reformed to

reference the correct version of the statute, appellant's counsel does not mention the error.[4]

In addition, the judgments in eight of the matters in which appellant was convicted for theft of property less than $2,500 state that appellant was convicted of theft involving more than $2,500. Again, appellant's counsel does not request reformation of these judgments.[5]

The failure of appellant's appointed attorney to request that the judgments be reformed to correct these errors and to address the implications of such reformation further indicates that he did not perform a professional evaluation of the record. *See Jeffery v. State*, 903 S.W.2d 776, 780 (Tex. App.—Dallas 1995, no pet.). This Court has authority to reform a judgment when it has the necessary information before it to do so and the resulting judgment would not be void or illegal. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Even assuming such reformation would be proper here, we do not reform the judgments at this time because these errors are not the only issues we have identified in this record.

Our identification and discussion of the errors in these cases is not exhaustive, but rather is to illustrate why we are not confident with appellant's counsel's *Anders*

---

[4] The correct version of the statute is TEX. CODE CRIM. PROC. ANN. art. 42A.054(c).

[5] The State also request that the judgment in cause number 05-20-00996-CR be reformed to include $290.00 in court costs.

conclusion. We trust that new appellate counsel will address these and any other errors in appellant's amended brief.

## CONCLUSION

We grant counsel's motion to withdraw and strike the *Anders* briefs he filed with this Court. We remand the cause to the trial court and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and file a brief on the merits that addresses any plausible grounds for appeal and the errors in the judgments.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We remove these appeals from the submission docket[6] and abate the appeals for the trial court to comply with the dictates of this opinion.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200995F.U05

---

[6] This case will be resubmitted at a future date after this Court receives a brief filed by new appellate counsel and any response brief the State may choose to file.