**AFFIRMED and Opinion Filed August 3, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01003-CR**

**DAVID ISAAC CANTU, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-36592-T**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Schenck

David Isaac Cantu appeals his conviction for driving while intoxicated, three

or more.  We affirm the trial court's judgment.  Because all issues are settled in law,

we issue this memorandum opinion.  TEX. R. APP. P. 47.4.

### BACKGROUND

Appellant was arrested for the offense of driving while intoxicated on April

16, 2020.  Appellant was required as a condition of bond to place an interlock device

in his car and submit to random urine analysis tests.  While on bond, appellant was

arrested in May 2020 for another driving while intoxicated offense in Denton County

and admitted to drinking alcohol on two other occasions: July 25 and September 5,

2020.

Appellant and the State agreed appellant would plead guilty and the State would recommend a sentence of 7 years imprisonment, probated for 5 years, but the parties would allow the trial court to decide what treatment, if any, appellant would be required to complete as a condition of his probation.

On September 15, 2020, appellant entered a plea of guilty to the charged offense of driving while intoxicated, third or more. The trial court accepted appellant's guilty plea, found there was sufficient evidence to prove his guilt, and passed the case for a punishment hearing later that day.

At the punishment hearing, the trial court acknowledged that appellant appeared for an open plea. The State requested that the trial court take judicial notice of the Community Supervision and Corrections Department Assessment Treatment and Research Services' ("ATRS") evaluation. Appellant testified on his own behalf indicating he was living at Solutions of North Texas, a sober living facility, he had completed an Intensive Outpatient Program, he was participating in a Supportive Outpatient Program, and he was also attending Alcoholics Anonymous meetings and working closely with a sponsor. Appellant further testified that he had worked as an insurance claims adjustor for 17 years. He expressed his concern that if he were ordered to go to inpatient treatment, he might lose his job. Appellant acknowledged on cross-examination that he has had some relapses while on bond and was arrested for another driving while intoxicated in Denton County about a month after this

–2–

offense.

At the conclusion of the punishment hearing, appellant requested that he be permitted to continue his current treatment and continue living at the sober living facility. The State requested that the trial court follow the recommendations of ATRS. The trial court found appellant guilty of the charged offense and sentenced him to 7 years imprisonment, probated for 5 years. The trial court also ordered appellant to serve 10 days in county jail, complete inpatient treatment at the Wilmer Judicial Treatment Center, and complete the 18-month after care program as conditions of his probation.

The trial court certified appellant's right to appeal. This appeal followed.

## DISCUSSION

Appellant's appointed counsel filed an *Anders* brief and motion to withdraw as counsel stating that she diligently reviewed the entire appellate record and that, in her opinion, there are no meritorious issues on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and

–3–

frivolous because the record reflects no reversible error and, in her opinion, there are no grounds upon which an appeal can be predicated. Counsel specifically noted, from her review of the following, that she found no issues presented for review regarding (1) the sufficiency of the indictment,[1] (2) the evidence presented at the plea,[2] (3) the voluntariness of appellant's plea of guilty and his competency at the time of his plea,[3] and (4) the judgment and sentence.[4] In addition, counsel reviewed the performance of trial counsel and concluded the record does not reflect appellant received ineffective assistance of counsel.

Counsel delivered a copy of the brief to appellant, and by letter dated April 1, 2021, we advised appellant of his right to file a pro se response by May 7, 2021. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file *pro se* response to *Anders* brief filed by counsel). We advised appellant that failure to file a pro se response by that date would result in the case being submitted on the *Anders* brief alone. Appellant did not file a response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,*

---

[1] The indictment contained all elements of the offense and conferred jurisdiction on the trial court. *See* TEX. PENAL CODE ANN. §§ 49.04(a); 49.09(b)(2).

[2] Appellant executed a written sworn judicial confession in which he stated that he committed each element of the offence as alleged in the indictment.

[3] The record shows the trial court admonished appellant before he entered his plea, and that appellant was competent and understood his rights and freely and voluntarily waived them.

[4] Driving while intoxicated, three or more, is a third-degree felony. TEX. PENAL CODE ANN. § 49.09(b)(2). A third-degree felony is punishable by imprisonment for any term of not more than 10 years or less than 2 years. *Id.* § 12.34. The trial court imposed a 7 year sentence, probated for 5 years.

–4–

488 U.S. 75, 80 (1988). Having reviewed the entire record and counsel's brief, we find nothing that would arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). Accordingly, we affirm the trial court's judgment.

In accordance with *Anders*, counsel has filed a motion to withdraw from the case. *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous."). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to pursue a petition for review. *See* TEX. R. APP. P. 48.4.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

201003F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

DAVID ISAAC CANTU, Appellant

No. 05-20-01003-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-2036592-T.
Opinion delivered by Justice Schenck. Justices Osborne and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of August, 2022.