**GRANT and Opinion Filed March 18, 2020**



**In the**

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00463-CR

**GERALD JEFFERSON MUNOZ MONTANO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F18-00457-Y**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Carlyle
Opinion by Justice Carlyle

Gerald Jefferson Munoz Montano was charged with engaging in organized criminal activity by committing murder with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang. Following a four-day trial, a jury found appellant guilty. After hearing further evidence and deliberating over the course of a fifth day, the jury sentenced him to 65 years in prison.

The trial court appointed an attorney to represent appellant on appeal. Appellant's appointed attorney filed a brief concluding that Mr. Montano's appeal

from the judgment of conviction that was the result of a five-day jury trial is wholly frivolous, without merit, and without arguable grounds to advance. *See Anders v. California*, 386 U.S. 738 (1967); *Gainous v. State*, 436 S.W. 2d 137, 138 (Tex. Crim. App. 1969). In the brief, the attorney represents having notified appellant by letter of his right to review the record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

But, though the attorney listed the correct unit name for Mr. Montano on the letter informing him of the *Anders* brief, the address the attorney listed is for a place on the Bolivar Peninsula, the sliver of land separating Galveston Bay from the Gulf of Mexico, not a place the Texas Department of Criminal Justice houses any prisoners. And, the TDCJ identification number the attorney listed corresponds to another man;[1] thus, it is unlikely Mr. Montano has received the information the attorney claims to have sent him. We also note we have received the attorney's motion to withdraw but that it was filed more than a week after the *Anders* brief.[2]

A brief review of the clerk's and reporter's records demonstrates that the attorney did not address any of the evidence admitted during trial, including exhibits

---

[1] The TDCJ number corresponds to another of the attorney's appellate clients, in an appeal from a judgment of conviction and sentence arising, like this one, from a jury trial. The attorney filed an *Anders* brief in that case as well.

[2] Contrary to specific direction from the Court of Criminal Appeals, the attorney did not immediately file a motion to withdraw or inform Mr. Montano of his right to file a pro se petition for discretionary review should we conclude his appeal is frivolous. *See Kelly*, 436 S.W.3d at 318 & n.15; *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008) ("the defense attorney is required to *file* a motion to withdraw at the same time he files an *Anders* brief").

currently missing from the reporter's record. Indeed, the attorney provides only two sentences of what could even arguably be called analysis when discussing the evidentiary sufficiency. Though there may be other arguable issues, we conclude the record presents at least a non-frivolous argument that the evidence did not sufficiently support the conviction.

We note the conviction was based, in part, on accomplice-witness testimony, another potential avenue for non-frivolous argument in this appeal. Also, the attorney did not discuss any of the numerous objections and rulings made during voir dire and the multiple days of trial. And the discussion of punishment refers not only to an incorrect punishment range but to the wrong section of the penal code.[3]

After reviewing the brief, we are concerned about whether appellant's appointed attorney made a thorough and professional evaluation of the record. *See Anders*, 386 U.S. at 744; *Jeffery v. State*, 903 S.W.2d 776, 780 (Tex. App.—Dallas 1995, no pet.). We have little or no confidence in the conclusion that appellant's appeal is "wholly frivolous." *See High v. State*, 573 S.W. 2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978) (holding that an *Anders* brief filed in a contested case must describe any objections raised and ruled on during trial and "discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the trial court.").

---

[3] Instead of citing the punishment section for Penal Code section 71.02, "Engaging in Organized Criminal Activity," which is found in subsection (b), the attorney cites Penal Code section 71.023(b), which addresses the punishment for a different crime, "Directing Activities of Criminal Street Gangs."

We therefore strike the *Anders* brief filed by appellant's appointed attorney and remove the attorney from the appeal. By separate order, we will abate the case so the trial court can appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and file a merits brief within the deadlines given in the court's order. *See In re Schulman*, 252 S.W.3d at 408–09 ("If the court of appeals decides that there are any colorable claims for appeal, it will: (1) grant the original attorney's motion to withdraw; and (2) abate the case and send it back to the trial court to appoint a new attorney with directions to file a merits brief.").

/Cory L. Carlyle/

CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190463F.U05

—4—