**Preliminary Opinion and Opinion Filed on August 28, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00556-CV**

**IN THE MATTER OF M.W., A JUVENILE**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-20-00351-X**

**MEMORANDUM OPINION**
Before Justices Molberg, Reichek, and Breedlove
Opinion by Justice Molberg

In this appeal of a juvenile proceeding, after our memorandum opinion and order on July 28, 2023, M.W.'s appointed appellate counsel filed a new *Anders* brief.[1] Because we conclude appellate counsel has not adequately discharged the constitutional duty to review the record for any arguable error, we strike counsel's brief, abate the appeal, and remand the cause to the trial court for the appointment of new appellate counsel.

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *see also In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (extending *Anders* procedures to juvenile cases, which are "quasi-criminal in nature").

In our earlier opinion, we expressed three concerns regarding M.W.'s appointed appellate counsel's first *Anders* brief: (1) his failure to discuss objections and rulings at trial, which we viewed as evidence that counsel failed to make a thorough and professional evaluation of the record;[2] (2) his filing of an *Anders* brief based on what then appeared to be an incomplete record;[3] and (3) his indication he sent to M.W. the types of information required under *Kelly v. State*[4] when he did not indicate such information was sent to M.W.'s mother, the person in whose custody and control M.W. was placed in the order of adjudication at issue in this appeal.

Counsel addresses none of those concerns in his newly-filed *Anders* brief, which also raises a fourth concern, namely, that (4) counsel's framing of the issue as whether the record contains any "reversible error that was preserved for appellate review" appears to conflate frivolity with reversibility, which are different.[5]

---

[2] *See High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978); *Arevalos v. State*, 606 S.W.3d 912, 916 (Tex. App.—Dallas 2020, order), *subsequent proceeding*, No. 05-19-00466-CR, 2020 WL 5087778 (Tex. App.—Dallas Aug. 28, 2020, order) (mem. op., not designated for publication), *disp. on merits*, 2021 WL 2948582 (Tex. App.—Dallas June 30, 2021, no pet.) (mem. op., not designated for publication).

[3] The record appears to be complete, considering the trial court's response to our July 28, 2023 order. The response response includes three findings of fact stating, in part, that State's Exhibit 1 (1) was not properly identified, (2) was offered as the Texas Code of Criminal Procedure [article 39.14] compliance documents, and (3) was labeled as State's Exhibit A and admitted as labeled. The trial court's response also refers to Clerk's record pages twenty-six to twenty-seven as the location in the record where Exhibit A may be found. We raised concerns about the record in our earlier opinion and order because, if counsel files an *Anders* brief without reviewing the entire record, we must conclude that counsel failed to conduct a conscientious examination of the record as required. *See Okafor v. State*, No. 05-98-00590-CR, 1999 WL 142081, at *1 (Tex. App.—Dallas Mar. 17, 1999, order) (per curiam) (not designated for publication), *disp. on merits*, 1999 WL 1034628 (Tex. App.—Dallas Nov. 16, 1999, no pet.) (not designated for publication).

[4] *See Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014).

[5] The two concepts are certainly not the same. An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988), *see also*

Because counsel's newly-filed *Anders* brief fails to address any of our expressed concerns and is deficient as to form,[6] we strike counsel's newly-filed *Anders* brief, remand the case to the trial court, and order the trial court to appoint new appellate counsel to represent appellant and to provide such counsel with today's opinion and order in this case, within seven days from today's date.[7]

New appellate counsel should investigate the record and either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014).

---

*Crowe v. State*, 595 S.W.3d 317 (Tex. App.—Dallas 2020, no pet.). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436, *Crowe*, 595 S.W.3d at 320. An appeal is not wholly frivolous when it is based on "arguable" grounds. *See Anders*, 386 U.S. at 744. Reversal only occurs if arguable error is found to have occurred, and was harmful. TEX. R. APP. P. 44.2. Many non-frivolous arguments identify errors that do not result in reversal.

[6] *See Arevalos*, 606 S.W.3d at 916 n.4 (discussing deficiencies in both form and substance).

[7] *See Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006) (stating that if we believe appellate counsel has not adequately discharged his constitutional duty to review the record for any arguable error, we must then "abate the appeal and return the cause to the trial court for the appointment of new appellate counsel"); *Crowe v. State*, 595 S.W.3d 317, 320 (Tex. App.—Dallas 2020, no pet.) (abating appeal and remanding cause to trial court for appointment of new appellate counsel after stating counsel's failure to discuss objection to certain evidence and trial court's overruling of the objection showed that counsel failed to make a thorough and professional evaluation of the record); *Jeffery v. State*, 903 S.W.2d 776, 780 (Tex. App.—Dallas 1995, no pet.) (stating counsel failed to make a thorough and professional evaluation of the record and that appropriate remedy is to strike the inadequate *Anders* brief and have the trial court appoint new counsel to review the record).

Further, within ten calendar days from the date this opinion is issued, we order the trial court to inform this Court in writing of the name and contact information for new appellate counsel and the date counsel is appointed.

We remove this appeal from the submission docket[8] and abate the appeal for the trial court to comply with the dictates of this opinion. We express no opinion as to whether there is, or is not, a potentially meritorious issue in this record.[9]

220556f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE

---

[8] This case will be resubmitted at a future date after this Court receives a brief filed by new appellate counsel and any response brief the State may choose to file.

[9] Determining whether the form of an *Anders* brief is sufficient is an inquiry that is legally distinct from determining whether, in substance, counsel has correctly concluded the appeal is wholly frivolous. *See Arevalos*, 606 S.W.3d at 916, n.4.