

# NUMBERS 13-24-00544-CR, 13-24-00545-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KENNETH WAYNE BANTON,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Kenneth Wayne Banton pleaded guilty to the offenses of evading arrest or detention while using a vehicle, a third-degree felony, and to possession of a controlled substance in Penalty Group 1 in an amount greater than four grams but less than 200 grams, a second-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A); TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). On January 19, 2022, the trial court convicted

appellant, sentenced appellant to ten years' imprisonment for both offenses, suspended the sentences, and placed him on community supervision for five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.053(a). The State filed a motion to revoke, and at the motion hearing appellant pleaded true to violating the terms of his community supervision. The trial court revoked appellant's community supervision for both offenses and sentenced him to ten years' imprisonment on both counts, to run concurrently with each other but to run consecutively to a sentence appellant received in a separate case in Parker County.

Appellant's court-appointed appellate counsel has filed a brief stating that there are no arguable grounds for appeal in either case. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

## I. *ANDERS* BRIEF

Counsel states in his briefs that he has diligently reviewed the entire record and that "there are no non-frivolous issues to be raised" on appeal. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's briefs meet the requirements of *Anders* as they present a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Counsel has informed this Court that he has in both

2

causes: (1) notified appellant that he has filed an *Anders* brief and motion to withdraw; (2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response,[1] to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. In cause number 13-24-00544-CR, appellant did not file a motion seeking pro se access to the appellate record and did not file a pro se response. In cause number 13-24-00545-CR, appellant filed a motion seeking pro se access to the appellate record but has not filed a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record in both cases and counsel's briefs, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed

---

[1] An appellant's pro se response following the filing of an *Anders* brief "need not comply with the rules of appellate procedure in order to be considered[; r]ather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

motions to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw in both cases.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review in both cases, within five days of the date of this memorandum opinion.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.   CONCLUSION

The trial court's judgments are affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
21st day of August, 2025.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.