

# NUMBER 13-25-00058-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EDWARD LOUIS BURRIS,                                           Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

## ON APPEAL FROM THE 355TH DISTRICT COURT
## OF HOOD COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Edward Louis Burris pleaded guilty to two separate offenses of trafficking of persons with intent to engage that person in forced prostitution, which are second-degree felonies (Counts Two and Three).[1] *See* TEX. PENAL CODE ANN. § 20A.02(a). The

---

[1] The other counts were dismissed by the State of Texas.

trial court found appellant guilty and following a bench trial for punishment on December 12, 2024, sentenced him via two judgments to twenty-years' imprisonment for Count Two and twenty-years' imprisonment for Count Three, set to run consecutively with credit for time served. *See id*. §§ 12.33(a); 20A.02(b).

On December 17, 2024, appellant filed a notice of appeal. Appellant's court-appointed appellate counsel has filed a brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm as modified.[2]

## I.    *ANDERS* **BRIEF**

Counsel states in her brief that she has diligently reviewed the entire record and that no non-frivolous basis for appeal exists. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that she has: (1) notified appellant that she has filed an *Anders* brief and motion to withdraw;

---

[2] This appeal was transferred from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We are required to follow the precedent of the transferor court to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

2

(2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response,[3] to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Nor did appellant file a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no

---

[3] An appellant's pro se response following the filing of an *Anders* brief "need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23.

pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this memorandum opinion. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    MOTION TO APPOINT ATTORNEY

On September 9, 2025, appellant filed a letter which we have interpreted as a motion to appoint counsel. Specifically, appellant requests appointment of alternate appellate counsel if his first appellate counsel has withdrawn. But because appellant's court-appointed appellate counsel has met the requirements of *Anders*, appellant is not entitled to appointment of alternate appellate counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. Therefore, appellant's motion is denied, and no substitute counsel will be appointed.

Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain his own attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this memorandum opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of

Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

## V. MODIFICATION OF JUDGMENT

We note that appellant's brief mentioned the trial court's judgments were erroneous because they listed the victim's age as thirteen on the offense date when the victim was in fact many years older. The brief also noted that, though the trial court stated it would correct the issue nunc pro tunc, the judgment was never changed. Based on our review of the record, we agree that both judgments erroneously state the victim was thirteen years old and there are no corrected judgments in the record.

Appellant did not advance correction of the judgments in his brief as an appellate issue or otherwise request correction of the judgments. However, we have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *see* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified). Accordingly, we hereby modify the judgments to note that the victim was twenty-eight at time of the alleged offenses in August 2022.

## VI. CONCLUSION

The trial court's judgments are affirmed as modified.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of October, 2025.