

# NUMBER 13-25-00591-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARCUS ANDRETTI SHADE,**                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                               **Appellee.**

---

## ON APPEAL FROM THE 25TH DISTRICT COURT
## OF GONZALES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Marcus Andretti Shade was charged with evading arrest or detention with a vehicle, a third-degree felony. *See* TEX. PENAL CODE § 38.04(b)(2)(A). A court-appointed psychologist examined appellant and concluded that he was competent to stand trial and was not legally insane at the time of the offense. Pursuant to an agreement with the State, appellant pleaded guilty to the charged offense and true to an

enhancement paragraph alleging he had previously been convicted of a felony, thereby raising the potential punishment range to that of a second-degree felony. *See id.* § 12.42(a). On September 30, 2019, the trial court signed an order deferring appellant's adjudication and placing him on community supervision for ten years.

On November 14, 2019, the State filed a motion to adjudicate guilt, alleging that appellant violated the terms of his community supervision in various manners, including by committing the offense of driving while intoxicated on November 3, 2019. After a hearing, the trial court continued appellant's community supervision.

The State filed a second motion to adjudicate guilt on August 6, 2025, again alleging that appellant violated the terms of his community supervision in various manners, including by committing the offense of "Bank Robbery" on December 23, 2019, as well as the offenses of theft of property and evading arrest on April 7, 2025. Appellant signed a "Stipulation and Judicial Confession" admitting to all of the violations alleged in the 2025 motion to adjudicate. After a hearing, the trial court granted the State's motion, adjudicated appellant guilty of the underlying evading arrest offense, and sentenced appellant to twenty years' imprisonment.

Appellant's court-appointed appellate counsel has filed a brief with this Court stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

## I.    *ANDERS* BRIEF

Counsel states in his brief that he has diligently reviewed the entire record and that "there are no arguable issues on appeal concerning the decision to adjudicate guilt or the length of sentence." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and motion to withdraw; (2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. Appellant timely filed the form pro se motion for access to the record, and the record was provided to him on February 27, 2026. Appellant filed a pro se response on April 2, 2026.

## II.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record, counsel's brief, and appellant's pro se

response, and we have found no arguable reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III.     MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review within five days of the date of this memorandum opinion.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

**IV.** **CONCLUSION**

The trial court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of April, 2026.